[No. 15485.   Department Two.—December 10, 1894.]

EASTON, ELDRIDGE & COMPANY, APPELLANT, v. S. MILLINGTON, RESPONDENT.

VENDOR AND PURCHASER—CONTRACT OF SALE—AGREEMENT WITH REAL ESTATE AGENT—AGENCY—SPECIFIC PERFORMANCE.—A contract in writing delivered to a real estate agent, agreeing to sell and give full title and deed of the owner's interest in a certain lot and improvements, at a specified price, the buyer to assume a mortgage on the property, and agreeing that certain stock in a loan association pledged with the mortgage is to be assigned to the purchaser, together with the insurance on the property, but not naming any purchaser, and accompanied by an order in writing to his tenants to pay the rents of the property to the

CV. CAL.—4

real estate agent, merely gives to the agent authority to sell the premises, and is not a sufficient basis for an action by the real estate agent to compel the owner specifically to perform the contract as a contract to convey the premises to the real estate agent.

ID.—WANT OF CERTAINTY AND MUTUALITY—DISCRETION OF COURT.—Such contract is not sufficiently certain and mutual to warrant the equitable remedy of specific performance, which is always addressed to the discretion of the court, and will not be sustained when the contract is not clearly mutual and certain both as to subject matter and parties.

ID.—AUTHORITY OF AGENT TO SELL—REVOCATION.—Where a real estate agent has authority to sell land, if no time is stated within which the sale can be made, the authority is revocable at the will of the owner, at any time before it has been exercised.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

*Crittenden Thornton,* and *F. H. Merzbach,* for Appellant.

*Reinstein & Eisner,* for Respondent.

McFARLAND, J.—This action was brought by the plaintiff, a corporation, to compel the specific performance of an alleged contract by defendant to sell and convey certain real property to the plaintiff. Judgment was rendered for defendant, from which, and from an order denying a motion for a new trial, plaintiff appeals.

On November 19, 1892, plaintiff was, and for a long time had been, a corporation organized "for the purpose of buying and selling real estate, and of dealing in the same as an agent or broker upon commission, and also for the purpose of collecting the rentals of real estate as an agent for real estate owners upon commission." Upon that day defendant executed and gave to plaintiff the written instrument upon which this action is based, and which plaintiff claims can be specifically enforced as a contract by defendant to convey to plaintiff the property described in the instrument. It is as follows:

"SAN FRANCISCO, Nov. 19, 1892.

" I hereby agree to sell and give a full title and deed of my interest in and to the lot and improvements, 50 x 100,

on S. S. Pine street, between Buchanan and Webster streets, S. F., for the sum of fifteen hundred dollars, the buyer to assume the mortgage on the property to the El Dorado Loan Association, and to have all the rents from date; and I hereby agree to assign to the purchaser all my right and interest in and to 83 shares of stock of the loan association, pledged with the mortgage above, and to the insurance now on the property, which I agree to transfer to the purchaser on completion of this sale.                              S. MILLINGTON."

At the same time the defendant ordered, in writing, his tenants to pay the rents of the property accruing after said November 19th to plaintiff.

Nothing further was done touching the sale of said property before December 10, 1892; and on said last-named day defendant revoked and rescinded said instrument, and also the said authority to collect said rentals, and notified plaintiff of said revocation and rescission.

The said instrument is not a sufficient basis for an action to compel defendant to specifically perform a contract to convey to plaintiff the premises therein mentioned. It merely gave plaintiff, a real estate agent, authority to sell said premises; and, as no time was stated within which the sale could be made, the authority was revocable at the will of the defendant at any time before the authority to sell had been exercised. Under any view, the instrument presents no such certainty and mutuality as would warrant the equitable remedy of specific performance, which is always addressed to the discretion of the court, and will not be sustained when the contract is not clear, mutual, and certain, both as to subject matter and parties. The order of defendant to his tenants to pay rents to plaintiff does not change the character of said written instrument. The court finds that the parties mutually understood and agreed that plaintiff was to collect the rents as agent of defendant, and for the latter's use; but apart from that finding the view most favorable to plain-

tiff is that plaintiff was to collect the rents during the time it was attempting to sell the property, so that it might be in a position to turn them over to "the purchaser," should one be found, as provided in the instrument itself.

As, in our opinion, the instrument sued on does not, upon its face, warrant a decree for specific performance as prayed for, it is not necessary to notice the many other points argued by counsel. Whether or not plaintiff has any cause of action for a breach of contract, is a question which does not here arise.

The judgment and order are affirmed.

DE HAVEN, J., and FITZGERALD, J., concurred.