[L. A. No. 1220.    Department Two.—March 21, 1904.]

## LIZZIE A. TURNER et al., Appellants, v. SOUTHERN PACIFIC COMPANY, Respondent.

NEGLIGENCE—ACTION FOR DEATH OF EMPLOYEE—ORDER FOR DANGEROUS WORK—REPAIR OF BELT—PRESUMPTION—BURDEN OF PROOF.—In an action for the death of an employee no presumption of negligence of the employer arises from the mere fact that the employee was ordered by the foreman to do the dangerous work of repairing a broken belt by which machinery was operated, in the doing of which he was killed; but the plaintiff has the burden of proof to show that the deceased was unskillful and inexperienced in relation to such work, and acted under orders in ignorance of the danger, or without proper instructions, or that the position of danger in which he was placed was not reasonably safe, or to show some other positive failure of duty on the part of the employer by which the death of the employee was occasioned.

ID.—NONSUIT.—Where the only evidence is, that the deceased was ordered by the foreman to do the dangerous work, an order granting a nonsuit was proper.

ID.—IMPROPER EVIDENCE—ANTICIPATION OF DEFENSE.—It was proper to exclude evidence for the plaintiff in contradiction of the affirmative averments of the answer that the deceased met his death from the negligence of a fellow-servant.

APPEAL from a judgment of the Superior Court of Kern County.    J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

Charles G. Lamberson, and S. C. Smith, for Appellants.

P. W. Bennett, J. W. Ahern, and P. F. Dunne, for Respondent.

HENSHAW, J.—The action is a statutory action by the heirs at law of Abraham Turner to recover damages for his death, caused by the alleged negligence of defendant. It was charged that Turner was an employee in defendant's machine-shop, and that he was sent by defendant's foreman "to an elevated position in said shop among the machinery, which was then in motion, for the purpose of repairing a belt which had become loosened." It is alleged that the work which he was thus directed to do was dangerous, and the danger was known to the foreman, but was not known to Turner; that Turner believed it to be his duty to obey the foreman, and believed also that the foreman would not send him into danger, and so attempted to obey the order and do what he was told. The complaint then alleges that while Turner was doing this dangerous work, in this dangerous position, and using reasonable care, he was suddenly caught by the machinery, then in motion, and fatally injured. The answer admitted that the place to which Abraham Turner was ordered was a dangerous place, and the work he was instructed to do was dangerous work for an unskillful and inexperienced person, but denied that the character of the place and work was not known to Turner to be dangerous and denied that the place and work were dangerous for a skillful and experienced person. The defendant further made complete denial of its own negligence in the matter, and affirmatively averred that the deceased was, and had been, in its employ for several years, and during all of the time had been engaged in the work of mending belts in elevated positions amongst the machinery while it was in motion; that he was a skillful and experienced person in the performance of such labor, was in the performance of his usual vocation at the time he received his injuries, and that these injuries were occasioned by the negligence of himself and a fellow-employee, Wesley Grijalva.

It will be noted that it is admitted by the pleadings that the position to which the deceased was sent, and the work in which the deceased was engaged when he met his death, were dangerous to an unskillful and inexperienced person. Issue is joined upon the allegations of the complaint that the deceased was an unskillful and inexperienced person and went about the employment in ignorance of its dangers. It was in-

cumbent upon the plaintiff to offer proof in establishment of its denied allegations; but upon the trial the only witness presented by plaintiff upon these questions was the fellow-employee Grijalva. There is no word of testimony elicited from him as to any want of knowledge or experience upon the part of his fellow-employee in the performance of the work relative to the mending of the broken belt. It is established merely that upon the breaking of the belt the foreman called Turner and sent him to fix it. There are many positions of danger—many forms of perilous work—in and about numberless legitimate employments. From the simple fact that an employee is sent into a position of danger to perform a dangerous task no presumption of negligence upon the part of the employer arises, and yet this is all that was proved in this case. Since the performance of such dangerous tasks is essential to the conduct of many businesses and occupations, something more than this is required before responsibility may be cast upon an employer. It must be shown, as was here averred, though not proven, that an unskillful, inexperienced, and ignorant employee was sent to perform a perilous task without proper instructions as to the danger, or it must be shown that the position of danger to which he was sent was not as reasonably safe as the circumstances demanded, or in some other like manner a positive failure of the duty which the employer owes to his employee must be established. Since men must be sent to such positions and to perform such tasks, negligence will not be imputed from the mere sending.

This being all the evidence which was introduced in the case upon these questions, it follows that the court's order granting a nonsuit was proper.

Certain rulings of the court sustaining objections to questions put by plaintiff to the witness Grijalva are asserted to be erroneous. In support of the assertion it is said that the evidence sought to be adduced was in contradiction of the affirmative averments of defendant's answer to the effect that the deceased had met his death from the negligence of a fellow-servant; but as this was an affirmative defense of the defendant, and as that defense must have been found against the defendant, unless it offered evidence to support it, it was no part of plaintiff's case to seek to anticipate by her evidence matters upon which there might finally be no controversy.

The evidence formed no part of the case for the plaintiff, and was not responsive to any allegations of the complaint, and the rulings of the court were therefore correct.

The judgment and order appealed from are therefore affirmed.

Lorigan, J., and McFarland, J., concurred.