## MAURICE C. PROVENCHER *vs.* FRANK P. MOORE.

### Somerset.    Opinion January 7, 1909.

*Evidence.   Cross-Examination.   Collateral Facts.*
*Same Cannot be Contradicted,  When.*

Since one's conduct necessarily varies according to the circumstances and the motives which influence him, his agreement with one person can never afford a safe criterion for his agreement with another person under other circumstances.

The reason for the rule excluding all evidence of collateral facts which are incapable of affording any reasonable presumption or inference as to the fact in dispute, is that such evidence tends to draw away the minds of the jurors from the point in issue and to excite prejudice and mislead them.

It is the uniform rule that answers to collateral inquiries on cross-examination cannot be contradicted by the party inquiring.

Where the plaintiff brought an action of assumpsit on an account annexed containing an item for boarding the defendant's horse and the defendant contended that the plaintiff agreed to keep the horse for its use, and on cross-examination the plaintiff was asked if, prior to the time of taking the defendant's horse, he did not offer to keep the horse of one Buker for its use and the plaintiff answered that he did not, and Buker was called by the defendant and permitted against objection to testify that the plaintiff did offer to take his horse for its keeping, *Held:*   (1)   That the evidence relating to the Buker horse was collateral to the issue and should have been excluded.   (2)   That the defendant having inquired of the plaintiff on cross-examination concerning a collateral matter should have been held to abide the answer, and not have been permitted to present testimony tending to disprove it.

On exceptions by plaintiff.    Sustained.

Assumpsit on account annexed in which the plaintiff sought to recover, among other things, for boarding the defendant's horse. Plea the general issue with brief statement of payment.    Verdict for defendant.

During the trial and on cross-examination the plaintiff testified as follows :

Q. "Didn't you try to get another horse before you got this? (Defts.)

A. "No sir.

Q. "Didn't you try to get Percy Buker's?

A. "No sir.

Q. "Didn't you ever say anything to Percy Buker about taking his horse for his keep?

A. "No sir.

Q. "You swear to that, don't you?

A. "Yes sir, sure."

---

The said Percy Buker, called by the defendant, in direct examination testified as follows:

Q. "In 1905 or 1906 in the fall, did you have some talk with Maurice Provencher about his taking your horse?

A. "I did.

Q. "What did he say?

MR. GOWER: "I object, as a collateral issue.

MR. GOODWIN: "I want to show that Mr. Provencher at this time was offering to take another horse for his keep as we say he did this.

THE COURT: "He denied it on the stand?

MR. GOODWIN: "Yes.

THE COURT: "I admit it and you may have an exception.

WITNESS: "He wanted to know if I would sell my horse and I said no. He says 'I will take her for her keeping through the winter if you want me to.'"

Q. "What did you say?

A. "I said I had a place for her."

The plaintiff excepted to the rulings admitting the aforesaid testimony of the witness Buker.

The case is stated in the opinion.

*Gower & Hight,* for plaintiff.

*Forrest Goodwin,* for defendant.

SITTING :   EMERY, C. J., SAVAGE, PEABODY, KING, BIRD, JJ.

KING, J.   Action of assumpsit on an account annexed containing an item for boarding the defendant's horse.   The defendant contended that the plaintiff agreed to board the horse for its use.   On cross-examination the plaintiff was asked if prior to the time of taking defendant's horse he did not offer to keep the horse of one Buker for its use.   He answered that he did not.   Buker, called by defendant, was permitted against objection to testify that the plaintiff did offer to take his horse for her keeping.   The case is before the Law Court on exceptions to the admission of this testimony. We think the exceptions must be sustained.   "You are not to draw inferences from one transaction to another that is not specifically connected with it merely because the two resemble each other.   They must be linked together by the chain of cause and effect in some assignable way before you can draw your inference."   Stephen Ev. 198, Note VI.

The only logical probative effect of Buker's testimony, if true, is that the plaintiff was then willing to take his horse for her keeping.   Because that offer of plaintiff is similar in kind to the agreement for which the defendant contended it does not follow that an inference may be drawn from it in support of the latter.   Since one's conduct necessarily varies according to the circumstances and the motives which influence him, his agreement with one person can never afford a safe criterion for his agreement with another under other circumstances.   The motives which might have influenced the plaintiff to offer to take Buker's horse for her keeping—such as his knowledge of the qualities of the horse, his then need of a horse, or his relations with Buker, may have been wanting in relation to the agreement in issue.

The reason for the rule excluding all evidence of collateral facts which are incapable of affording any reasonable presumption or inference as to the fact in dispute is "that such evidence tends to draw away the minds of the jurors from the point in issue and to excite prejudice and mislead them."   Greenleaf Ev. Sec. 52 ; *Parker* v. *Publishing Co.*, 69 Maine, page 174.

The testimony of Buker should have been excluded for another reason, because it violates the uniform rule that answers to collateral inquiries on cross-examination cannot be contradicted by the party inquiring. *Bell* v. *Woodman*, 60 Maine, page 465 ; *State* v. *Benner*, 64 Maine, Page 287-8 ; *Davis* v. *Roby*, 64 Maine, page 427. The defendant having inquired of the plaintiff on cross-examination concerning a collateral matter should have been held to abide the answer, and not have been permitted to present testimony tending to disprove it.

The testimony of Buker was a direct contradiction of the plaintiff, tending to discredit him as a witness, and must be regarded as prejudicial.

It is the opinion of the court, therefore, that the entry must be,

*Exceptions sustained.*