### H. S. KERBAUGH, Inc., v. GRAY.

(Circuit Court of Appeals, Second Circuit. March 10, 1914.)

No. 80.

1. MASTER AND SERVANT (§ 72*)—CONTRACT OF EMPLOYMENT—PROMISE OF BONUS—CONSIDERATION.

Where plaintiff was not legally bound to continue in defendant's employ to the end of the season, defendant's promise, alleged to have been made in May, 1910, that he would give him a bonus equal to his salary, to begin January 1, and end December 31, 1910, was not nudum pactum.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 87, 88; Dec. Dig. § 72.*]

2. EVIDENCE (§ 130*)—RELEVANCY—RES INTER ALIOS ACTA.

Where, in an action by defendant's general superintendent to recover an alleged bonus, defendant denied ever having contracted to pay plaintiff a bonus, but admitted promising to raise the wages of the foremen on the work and pay them a bonus, evidence of plaintiff's conversations with the foremen when he told them their wages would be raised and a bonus paid, and testimony of one of the foremen of his conversations with plaintiff on the subject, was res inter alios acta, and inadmissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 403; Dec. Dig. § 130.*]

In Error to the District Court of the United States for the Southern District of New York.

Action by William B. Gray against H. S. Kerbaugh, Incorporated. Judgment for plaintiff, and defendant brings error. Reversed.

William Travers Jerome, of New York City (Harland B. Tibbetts, of New York City, of counsel), for plaintiff in error.

A. H. & A. D. Van Buren, of Kingston, New York (Jerome H. Buck, of New York City, of counsel), for defendant in error.

Before LACOMBE, WARD, and ROGERS, Circuit Judges.

WARD, Circuit Judge. H. S. Kerbaugh, Incorporated, the defendant below, had a contract with the state of New York for the construction of a section of the Catskill Aqueduct. Gray, the plaintiff below, was its general superintendent at a salary of $350 a month. In May, 1910, the work was dragging, and the foremen were dissatisfied with their pay. The plaintiff reported this to Kerbaugh, the president of the defendant, who authorized him to raise the pay of three foremen and to promise them in addition a bonus equal to their monthly pay from May 1st to the end of the concrete season. Whether this bonus was to be in consideration of their doing a fixed amount of concrete work, as

Gray testified, or of doing it economically, as Kerbaugh said, is in dispute, but the making of the contracts and the raising of the wages and the payment of the bonuses are all admitted by the defendant.

The plaintiff produced a salary list, Plaintiff's Exhibit 1, in which his name does not appear, which Kerbaugh at the time of the above-mentioned conversation initialed, marking in pencil the increase in wages from May 1, 1910. The plaintiff testified that at the same time Kerbaugh promised him a bonus equal to his salary of $350 a month, to begin January 1, and end December 31, 1910, provided 15,000 feet of concrete was completed during the season. Kerbaugh denied making any contract whatever, and this was the issue that went to the jury.

[1] The objection mainly relied upon at the trial and here was that this promise of a bonus, if made, was nudum pactum because the plaintiff, being bound to do his best for his salary, gave nothing in the way of consideration to support the promise of a bonus. This would be true if the plaintiff were legally bound to continue in the employment of the defendant to the end of the season. But he was not and could have quit work at any time. Martin v. New York Life Ins. Co., 148 N. Y. 117, 42 N. E. 416. Therefore the jury had a right to find that he continued in the employment after this promise of a bonus, relying upon it.

[2] Another exception is that the court erred in admitting the paper marked Plaintiff's Exhibit 1 and the testimony of the plaintiff as to his conversations with the foremen when he told them their wages would be raised and a bonus paid, as well as the testimony of one of the foremen as to his conversation with the plaintiff on the same subject. The promise to raise the wages of the foreman and to pay them a bonus, which was admitted by the defendant, in no way tended to prove that Kerbaugh, in face of his flat denial, had made any contract with the plaintiff on the subject. It was all res inter alios acta and highly prejudicial to the defendant. So far as it came out as a part of the conversation in which the plaintiff testified Kerbaugh made the contract with him, it was properly in the case. But it should have been followed up no farther. The testimony of the foreman had the effect of confirming the plaintiff's testimony as to the ground upon which the bonus was to be paid, viz., that it was for a certain amount of concrete work, as he testified, and not for doing the work economically as Kerbaugh testified. This was perfectly immaterial upon the question whether Kerbaugh made any contract at all with the plaintiff. The court himself was misled by these transactions because, although the plaintiff, who was the only witness to sustain the contract he claimed was made, testified that his bonus was to be from January 1 to December 31, 1910, yet the court charged the jury:

"The plaintiff claims in this action $3,850—that is, a bonus of $350 a month from the 1st of January to the end of November of the year 1910. Now, that is 11 months. As I recall the evidence in the case of the other men, the bonus ran from the 1st of May, but if you conclude the plaintiff is entitled to a bonus, it is for you to say when that should be computed from. At all events, if you find for the plaintiff, I do not understand that there is any controversy but that if there was an agreement for a bonus it was for $350 a month, the same as the plaintiff's salary. If you find a bonus, you will give him a

recovery for a sum computed for so many months as in your opinion under the agreement this bonus was to be earned."

In accordance with this charge, the jury found a verdict for a bonus beginning May 1, 1910, which there is not a word of testimony to support. The judgment is reversed.