ALEXANDER G. GOULD *vs.* WELLS BROTHERS COMPANY OF
NEW YORK.

Suffolk.    March 4, 1914. — May 21, 1914.

Present: RUGG, C. J., LORING, BRALEY, SHELDON, & CROSBY, JJ..

*Evidence,* Materiality.    *Contract,* What constitutes, Implied in law.    *Practice,*
*Civil,* Exceptions.

Certain evidence, offered at the trial of an action of contract, here was held to
have been excluded rightly because it was immaterial and had no bearing on
the issues being tried.

In an action for the breach of a contract alleged to have been made orally, the
question, upon conflicting evidence, whether the contract declared upon was
made, is for the jury.

An exception to a refusal to rule that an action is brought prematurely must be
overruled, if the evidence necessary for the determination of that question is
not reported.

In an action of contract on an account annexed, where certain items are for extra
work and materials furnished outside a certain express contract, and there is
evidence that the labor and materials charged for were furnished by the plain-
tiff at the request of the defendant, the plaintiff is entitled to go to the jury on
these items under proper instructions.

The plaintiff in an action of contract is entitled to go to the jury on an item on an
account annexed claiming $500 for installing new water pipes in a tunnel at
the request of the defendant, where it is found by an auditor, whose report is
introduced in evidence, that the defendant promised the plaintiff $500 if he
would do certain work in connection with the tunnel in question and that the
plaintiff did the work required.

.CONTRACT, with two counts.    Writ dated August 17, 1912.

The first count alleged that the defendant entered into a con-
tract in writing with Williams and DiFuria, copartners, on Oc-
tober 2, 1911, for the erection by Williams and DiFuria of a pipe
tunnel between the Harvard Medical School power house and
the Peter Bent Brigham Hospital, for which the defendant agreed
to pay Williams and DiFuria the sum of $13,500; that by an
instrument in writing this agreement was assigned by Williams
and DiFuria to the plaintiff on December 23, 1911; that there-
after, to wit, on or about February 26, 1912, the plaintiff agreed
to complete the tunnel and the defendant agreed to, pay him
therefor the sum of $5,518.86; that relying on the agreement and

pursuant thereto the plaintiff completed the tunnel, and the defendant paid the plaintiff on account of such work the sum of $2,600, leaving an unpaid balance of $2,918.86.

The second count was for $1,626.22 on an account annexed, as follows:

Wells Brothers Company of New York, to Alexander G. Gould, Dr.

| | | | |
|---|---|---|---|
| 1. | To building one Lovejoy manhole at foot of Vila St. | $100 | |
| | To building two Standard manholes on Vila St. | 200 | |
| | To calking up joints on 12-inch sewer with jute | 75 | |
| | | | $375.00 |
| 2. | To cutting the corner near power house & cutting off connection between power house and end of tunnel and bricking up of tunnel | | 200.00 |
| 3. | To installing two 15x10 15-inch sewers in Vila Street | | 551.22 |
| 4. | To installing new water pipes in the tunnel at the request of the defendant | | 500.00 |
| | | | $1,626.22 |

The answer was a general denial.

In the Superior Court the case was referred to Thomas L. Wiles, Esquire, as auditor. He found that the plaintiff was entitled to recover from the defendant the sum of $4,316.33. Later the case was tried before *Lawton,* J., upon the auditor's report and oral evidence. At the close of the evidence, which is described in the opinion, the defendant asked the judge to make the following rulings:

"1. The plaintiff cannot recover upon count 1.

"2. The plaintiff cannot recover upon count 1 because this action is prematurely brought."

"4. The plaintiff cannot recover under count 2, Item 1."

"7. The plaintiff cannot recover under count 2, Item 4.

"8. The plaintiff cannot recover under count 2, because this action is prematurely brought."

"12. There is no evidence that the defendant contracted to pay the plaintiff the amount claimed in count 2, Item 4."

The judge refused to make any of these rulings. The jury returned a verdict for the plaintiff in the sum of $4,534.25; and the defendant alleged exceptions, including exceptions to the exclusion of certain evidence, which are described sufficiently in the opinion.

*H. N. Berry & C. C. Bucknam,* for the defendant, submitted a brief.

*D. Stoneman,* for the plaintiff.

CROSBY, J. The defendant, which had a contract to erect a hospital building in Boston, entered into three subcontracts with the firm of Williams and DiFuria to perform certain portions of the work covered by the general contract. One of these subcontracts related to the building of a certain pipe tunnel for which the defendant agreed to pay the sum of $13,500, and was dated October 2, 1911. The evidence shows that on December 23, 1911, these three contracts were assigned to the plaintiff by Williams and DiFuria to secure the plaintiff for certain moneys advanced to the subcontractors to enable them to proceed with and complete the work. The auditor finds that notice of the assignment was sent to the defendant together with a request that all money due the subcontractors should be paid to the plaintiff, and that no objection was made by the defendant to this assignment. There was evidence to show, and the auditor found, that on January 15, 1912, the defendant refused to advance money under the contract, asserting that it was not due; that, because of such refusal by the defendant, the plaintiff would not advance any more money to the subcontractors and the latter stopped work; that soon afterwards the defendant notified them that it would finish the work; and that after this notice was received it was sent to the plaintiff and the result was a conference between the plaintiff and his representatives and the officers and agents of the defendants. At this conference the auditor finds that "the amount which would come due under the contract when completed, was discussed, and the defendant stated that the amount would be $5,518. After some further talk, Stoneman on behalf of Gould stated to the defendant that he would finish the tunnel job, and that he would ask for no payment until the work was com-

pleted, but that at the time the work was completed, he would expect to be paid the $5,518. He was then told by the defendant to go ahead and complete the same, and he would be paid when the work was completed. . . . That relying upon the statement of the defendant that $5,518 would be the amount due, and that he would be paid when the contract was completed, the plaintiff started work on January 22, 1912, or shortly afterwards, and the work continued under the direction of the plaintiff, he providing money for labor and materials."

This evidence would warrant a finding that the defendant expressly promised to pay the plaintiff the sum of $5,518 for furnishing the labor and materials required to complete the tunnel. The first count in the plaintiff's declaration was based upon this promise and did not depend upon the state of the account between the defendant and Williams and DiFuria. Consequently evidence of the account between them appearing in the defendant's contract book was immaterial and was rightly excluded. It had no bearing upon the issue presented whether the defendant promised to pay the plaintiff $5,518 upon the completion of the contract. The defendant's exception to the exclusion of this evidence must be overruled.

The second exception is to the exclusion of two letters written by the defendant to persons other than the plaintiff or any one representing him. This exception has not been argued on the defendant's brief. The evidence was clearly incompetent.

The exception to the exclusion of the records in two actions pending in the Municipal Court of the City of Boston brought by the plaintiffs therein named for work and materials performed and furnished in the construction of the tunnel before the assignment of the contract to the plaintiff and against Williams and DiFuria, in which actions the defendant was summoned as trustee, had no bearing upon the issue presented; and the exception to their exclusion must be overruled.

The remaining exceptions are based upon the refusal of the judge to give certain rulings.

The first request could not have been given because, as we have seen, the question whether the contract declared on by the plaintiff was entered into, was, upon conflicting evidence, for the jury.

The exception to the refusal to give the second and eighth requests cannot be sustained, as all the evidence is not reported and we have no means of determining whether, as to any of the causes of action declared on in either count, the action was prematurely brought.

The fourth and seventh requests relate respectively to items 1 and 4 of count 2. Count 2, being upon an account annexed, was for extra work and materials. There was evidence to show that the labor and materials charged for were furnished by the plaintiff at the request of the defendant, and there is nothing to show that the question of the defendant's liability for those items was not properly submitted to the jury under appropriate instructions. This request was rightly refused.

As to the twelfth request, the auditor finds with reference to the fourth item under count 2: "The plaintiff was promised by Wells Brothers the sum of five hundred ($500) dollars if they [he] would remove the water, repair the damages and continue the work. That the plaintiff did proceed with the work and is entitled to recover the amount so promised, to wit, five hundred ($500) dollars." The exception to the refusal to give this request must be overruled.

We discover nothing in the conduct of the trial which requires that the exceptions should be sustained.

*Exceptions overruled.*