### TRENTON OIL CLOTH & LINOLEUM CO. v. MUNROE et al.

(Circuit Court of Appeals, Second Circuit. November 10, 1914.)

No. 42.

1. EVIDENCE (§ 130*)—RELEVANCY—RES INTER ALIOS ACTA.

In an action for cork sold and delivered, evidence as to whether another customer of plaintiff paid all his bills for cork delivered to him, whether the cork called for by his contract was delivered to him, and whether plaintiffs said anything to him as to their ability or inability to receive cork from foreign countries was irrelevant.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 403; Dec. Dig. § 130.*]

2. SALES (§ 358*)—ACTION FOR PRICE—EVIDENCE—RELEVANCY.

In an action for cork sold, questions to plaintiffs' treasurer as to the place of storage, date of shipment, difficulties in obtaining cork, and contracts with others were properly excluded.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1049–1055; Dec. Dig. § 358.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Error to the District Court of the United States for the Southern District of New York.

This cause comes here upon writ of error to review a judgment of the District Court, Southern District of New York, in favor of defendants in error who were plaintiffs below. The judgment was entered upon a verdict directed by the court at the close of the trial.

The plaintiffs are assignees of the firm of Weber and Lea, and the word "plaintiffs," when used hereinafter, denotes the last-named firm. The action was brought to recover balance alleged to be due for various shipments of imported cork waste alleged to have been sold and delivered by plaintiffs to defendants. The defendant does not question the delivery and acceptance of the merchandise, but avers by way of recoupment and set-off that it had been delivered only a part of a large quantity which plaintiffs had contracted, but had failed, to deliver and defendant claimed damages on account of such non-delivery in excess of plaintiffs' demand. This is the second time the cause has been before this court. On the first trial a verdict was directed in favor of the defendant. Our opinion reversing the judgment then reviewed will be found in 206 Fed. 456, 124 C. C. A. 362.

R. L. Tarbox, of New York City, for plaintiff in error.
S. M. Stroock, of New York City, for defendants in error.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

LACOMBE, Circuit Judge. The material and important evidence in the cause, showing the contractual obligations entered into by the parties and their action under the contracts, consists of a long series of letters exchanged between them. This correspondence was exhaustively examined and carefully collated on the former appeal, and the conclusions were reached that two contracts were entered into whereby plaintiffs undertook to deliver monthly 150 tons under the first and 83 tons under the second, and that no modification or amendment of these contracts was agreed to. Also that the first actionable breach of the contract was by defendants' failing to pay for the shipment due September 2, 1909.

A number of additional letters exchanged between the parties during the period in question have now been introduced, but they do not in any way materially alter the situation. Indeed the argument on this appeal is practically a reargument of the propositions advanced when the cause was here before. We do not find these additional letters persuasive to any different conclusions.

[1] Exceptions to the exclusion of certain testimony are made the basis of assignments of error. It is sufficient to say that the questions put to the witness Loog, another customer of plaintiffs, inquiring whether he had paid all *his* bills for cork delivered to him, whether the cork called for under *his* contract was delivered to him and whether plaintiffs said anything to *him* as their ability or inability to receive cork from the other side of the Atlantic are obviously irrelevant.

[2] We find no error in the exclusion of questions put to plaintiffs' treasurer as to place of storage, date of shipment, difficulties in obtaining cork, and contracts with other persons. The correspondence very clearly reveals the true condition of affairs.

As the amount alleged to be due was not disputed and the only reliance of defendants is on the recoupment, counterclaim, or set-off, verdict was properly directed.

Judgment affirmed.