## TALLA v. ANDERSON.

No. 5924.    Opinion Filed December 14, 1915.

Rehearing Denied April 14, 1916.

(156 Pac. 670.)

1. **APPEAL AND ERROR—Review—Waiver of Error.** Under rule 25 of this court (38 Okla. x, 137 Pac. xi), assignments of error predicated upon the giving or the refusal of instructions to the jury will be deemed to have been abandoned, when the brief contains neither argument nor authority in support of any point in respect to the same.

2. **SAME—Harmless Error—Statutory Provision.** Under the statutes of this state (section 4018, St. 1893, the same being section 491, Rev. Laws 1910, and section 6005, Rev. Laws 1910), this court will not disturb a judgment unless, after an examination of the entire record, it appears that the error complained of has resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right.

(a) Where a verdict is for less than one-sixth of the percentage claimed by plaintiff, a real estate broker, on the sale price of defendant's lands, as plaintiff's **quantum meruit** compensation for his services in the sale of such lands, the admission of evidence of a similar statement under similar circumstances to other brokers, with whom he also listed the land for sale about the same time, as evidence to corroborate defendant's testimony that when he engaged plaintiff's services he stated to him that he would not pay said percentage, although error against plaintiff, does not appear to have limited or affected the amount of the verdict, and is therefore harmless.

3. **COSTS—Parties Liable—Effect of Tender.** Where a tender of the amount recovered is made by defendant at the trial, or after action is commenced against him, the same does not affect plaintiff's right to recover costs accrued prior to such tender.

(Syllabus by the Court.)

*Error from County Court, Stephens County;*
*J. W. Marshall, Judge.*

Action by J. W. Talla against Joe Anderson. Judgment for plaintiff, and plaintiff brings error. Affirmed, except as to costs.

*J. B. Wilkinson,* for plaintiff in error.

*Womack & Brown,* for defendant in error.

THACKER, J. Plaintiff in error commenced this action in the trial court to recover of defendant in error $324.50 as a commission of 5 per cent. and as the alleged reasonable value of and customary charge for the former's services as a real estate broker in the sale of more than 600 acres of defendant's lands to Charles Brisco for $6,490. The plaintiff's services consisted merely in inducing said Brisco to decide to meet defendant and in

bringing the two together in the negotiations which resulted in the sale. The parties to this action agree in every essential particular, except as to the amount of compensation to which plaintiff is entitled, and as to who should pay the costs of this case.

As to the question of amount of compensation to which plaintiff is entitled, these parties also agree that the same was not specified in the contract of employment; but the defendant claims and the plaintiff denies that, as a part of that contract, the defendant at the time the same was entered into stated to the plaintiff, in effect, that, although he would pay plaintiff well and what was right for his services, he would not pay him 5 per cent. of the amount for which the lands might be sold, thus limiting plaintiff's right to compensation to less than that per cent.

The plaintiff and two other witnesses testified that 5 per cent. was the usual and customary charge for such services; but one of said two witnesses on cross-examination qualified his said testimony by admitting that, although such brokers get 5 per cent. when they can, he expected that in a majority of cases they got less. The defendant offered no evidence as to the value of said services; but he testified, and the plaintiff admitted, that he had offered to pay plaintiff $50, because, as the defendant further testified, he "thought it was worth something that he got the buyer," and, besides leaving a check to this amount for the plaintiff at a bank, he tendered plaintiff that amount in court at the time of the trial.

It will be seen from the foregoing statement, of course, that the plaintiff was entitled to recover the fair and reasonable value of his services (*Scully v. Williamson*, 26 Okla. 19, 108 Pac. 395, 27 L. R. A. [N. S.] 1089, Ann.

Cas. 1912A, 1265), but less than ·5 per cent., if defendant's contention is true. The plaintiff obtained a verdict and recovered judgment for $50; and the jury having further found, as instructed by the court, that the plaintiff 'had been tendered that amount, all the costs of the action were taxed against the plaintiff. The plaintiff, being dissatisfied with the amount of his recovery, brings the case here for review.

Although exceptions were reserved to the giving and refusal to give certain instructions set out *in totidem verbis* in the plaintiff's brief, his brief contains neither argument nor authorities in support of any point he may rely on as showing error in this regard, as required by rule 25 of this court (38 Okla. x, 137 Pac. xi), and his assignments of error in this respect will be deemed to have been abandoned.

The evidence shows that, about the time the defendant listed his lands with the plaintiff, he also listed them with other brokers for sale, having expressly reserved the right to do so; and two such brokers, with whom he had severally listed the same, were permitted to testify over plaintiff's objection that at the time of doing so the defendant told them in effect, as he claims to have told the plaintiff, that he would pay them well and what was right, but would not pay 5 per cent. of the amount for which the lands might be sold. It appears that this evidence falls within the rule which excludes *res inter alios acta,* and should not have been admitted. *Trenton Oil Cloth & Linoleum Co. v. Munroe,* 218 Fed. 370, 134 C. C. A. 178; *H. S. Kerbaugh v. Gray,* 212 Fed. 716, 129 C. C. A. 326; *Gould v. Wells Bros. Co. of New York,* 217 Mass. 544, 105 N. E. 374; *Ernst v. Ganahl,* 166 Cal. 493, 137 Pac. 256;

*Hamburg Bank v. George & Buttler*, 92 Ark. 472, 123 S. W. 654; *Provencher v. Moore*, 105 Me. 87, 72 Atl. 880; *Cone v. American Electric Fuse Co.*, 145 Mich. 536, 108 N. W. 991; *Niles v. Hancock*, 140 Cal. 157, 73 Pac. 840; *National Bank of Rome v. Greenwood*, 113 Ga. 306, 38 S. E. 826. But, under our statutes (section 4018, Stat. 1893, the same being section 4791, Rev. Laws 1910, and section 6005, Rev. Laws 1910), a judgment will not be set aside or a new trial granted by this court unless, in the opinion of the court, after an examination of the entire record, it appears that the error complained of has resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right; and it does not so appear in this case.

The verdict of the jury was for less than one-sixth of 5 per cent. as the fair and reasonable value of plaintiff's services; and it thus appears that, if the jury accepted as true the defendant's claim that the amount he was to pay was to be less than 5 per cent. by the terms of his contract with plaintiff, this limitation was not reached and did not limit or affect the amount of the verdict, which might have been for several times as much as it was without reaching such percentage. The plaintiff was entitled to a fair and reasonable compensation for his services; but the amount of this compensation was a question of fact to be determined by the jury, and their verdict as to this, under the evidence here, is conclusive. *Colley v. Sapp et al.*, 44 Okla. 16, 142 Pac. 989, 1193; *Head v. Hargrave*, 105 U. S. 45, 26 L. Ed. 1028.

In respect to the question of costs, the defendant having made no tender of payment to the plaintiff until he did so at the trial, only such costs as accrued after such

tender should have been taxed against the plaintiff. *Leitch v. Union R. Transp. Co.,* Fed. Cas. No. 8,224, 7 Chi. Leg. News, 291.

For the reasons stated, the judgment is affirmed, except that in respect to costs it is reversed, with instructions to the trial court to enter judgment against the defendant for all costs accrued before said tender was made.

All the Justices concur.