[Civ. No. 5443.   Second Appellate District, Division One.—January 15, 1929.]

F. W. FUQUA, Respondent, v. RICHARD THOMAS, Appellant.

C. A. Stice for Appellant.

Leland J. Allen for Respondent.

HOUSER, J.— Plaintiff was employed by defendant as a camera-man at a salary of $150 per week.  The controversy arose from a difference of opinion between plaintiff and defendant as to the length of time covered by the employ-

ment. Plaintiff and his witnesses testified to a definite period. Defendant denied such certainty of time with reference to the employment and, although no custom was specially pleaded by defendant, on the trial he endeavored to establish a custom 'to the effect that employment of the nature of that rendered by plaintiff was limited to time actually consumed in photographing the picture being produced. Appellant complains that the trial court restricted defendant in the evidence relating to custom; but as the findings of fact made by the trial court (which were supported by the evidence) were to the effect that by agreement of the parties the employment commenced and ended, respectively, at a date certain, the question of whether custom prevailed in the premises became immaterial. It follows that no error was committed by the trial court in refusing to admit certain evidence offered by defendant with relation to such claimed custom. Moreover, as against appellant's contention, it appeared that, although each of the parties was permitted to introduce some evidence relating to the custom in question, the trial court was positive in its declaration that the contract of employment of plaintiff covered a fixed period, and that "I am not going to decide this case on the custom, because the court knows that it is very uncertain. Sometimes they do and sometimes they don't."

█ We find no merit in appellant's contention that the time-book kept by the manager of the defendant, showing dates on which plaintiff performed service for defendant, was improperly received in evidence. Although the time-book was furnished by the manager at his own instance, and not in pursuance of any special direction therefor by his employer, it clearly appeared that the time-book was a part of the bookkeeping system employed by the manager in the conduct of the business of defendant.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.