[Civ. No. 6250.    Fourth Dist.    Jan. 20, 1960.]

W. H. REELY, Appellant, v. D. C. CHAPMAN et al., Respondents.

Ernest F. Shelander for Appellant.

John B. Moore, Charles H. McGovern and Royal E. Hubbard for Respondents.

MONROE, J. pro tem.*—In 1955 the plaintiff, who was a manufacturer's representative, entered into a contract with the defendants to act as wholesaler in the sale and distribution of water ski-belts manufactured by defendants. The contract provided that it might be extended to the end of 1956, and in accordance therewith it was so extended. On January 3, 1957, plaintiff and defendant D. C. Chapman had a conversation concerning further representation of the defendants by plaintiff. There is a hopeless conflict in the testimony as to

*Assigned by Chairman of Judicial Council.

what occurred. The plaintiff contended that it was agreed that the representation should extend for the year 1957. The defendant contended, on the other hand, that no time limit was discussed, and gave evidence that indicated that defendants were not entirely satisfied with plaintiff's services and that the further representation was to be subject to defendants' satisfaction. The defendants did terminate plaintiff's services on March 28, 1957, as of the first of April. Plaintiff brought this action for an accounting and commissions on the theory that the contract had been extended for the entire year of 1957. The issues were found in favor of the defendants and judgment rendered for them for their costs, and from that judgment plaintiff appeals.

The only question involved upon this appeal is whether or not the trial court erred in excluding evidence of custom and usage relative to contracts of this nature. The plaintiff contends that had he been able to produce evidence of custom of the trade he could have established that the parties contracted for the longer period, as contended by him.

It appears to be well established, and is in effect conceded by both parties, that in case there is no term fixed for a representation of this character the contract may be terminated by either party at will. (*Easton, Eldridge & Co.* v. *Millington,* 105 Cal. 49 [38 P. 509]; *Ernst* v. *Ganahl,* 166 Cal. 493 [137 P. 256]; *Preszler* v. *Dudley,* 153 Cal.App.2d 120 [314 P.2d 138].)

It is the general rule that where there is a fixed and established usage and custom of a trade the parties are presumed to contract pursuant to that custom; therefore usage and custom may be relied upon to fix the term of a contract where the contract itself is silent in that regard. (*Fuqua* v. *Thomas,* 96 Cal.App. 304 [273 P. 1091].)

At the trial the plaintiff called one Don Morrill as a witness, who stated that he was in business as a manufacturer's representative and was familiar with the custom in that field regarding contracts. At that point counsel for defendant stated, "I think that we should go according to the pleadings on file, Your Honor, not what the custom is." After some argument counsel for defendant stated further, "I think that an examination of the complaint here indicates that an attempt to prove the contract by custom and usual usage, when there is a specific allegation of the plaintiff's theory, that there was an oral affirmation." The court stated, "Well, gentlemen, the objection will be sustained."

It is to be noted that according to the pleadings of the plaintiff he relied upon an express oral contract whereby the term of the prior written contract was extended for one year. He had testified positively that the agreement was for the balance of the year 1957.　　　It is the well established rule that although custom is admissible for the purpose of interpreting the contract or agreement of the parties, or for furnishing details not expressly covered thereby, it is not admissible to establish a contract. (*Rabin* v. *Craft*, 100 Cal.App.2d 808 [224 P.2d 843].)　　　The trial court apparently treated the remarks of counsel as an objection to evidence of that type and ruled accordingly. There was no offer of proof. The statements of counsel were directed to the fact that by plaintiff's complaint and by his evidence he was relying upon a contract whereby the term was definitely fixed by the parties. Generally it is necessary to make formal offer of proof except in those cases where the rulings are such as would exclude that type of testimony altogether. (48 Cal.Jur.2d 152, 153.)

The only theory upon which custom or usage regarding the term of a contract would have been admissible would be after testimony was offered by the defense to the effect that there was no discussion as to the time or term. The order of proceeding in a civil case is fixed by section 607, Code of Civil Procedure and is to be followed unless the court in its discretion rules otherwise.　　　Testimony offered by the plaintiff in his case in chief in anticipation of defenses which may be advanced by the defendant is out of order and it is proper to exclude it. (*Turner* v. *Southern Pacific Co.*, 142 Cal. 580 [76 P. 384]; 48 Cal.Jur.2d 178, § 138.)

　　　As the record stands, therefore, the trial court was correct in indicating that evidence of usual custom or usage was not then admissible as a part of plaintiff's case. Plaintiff made no further effort to reopen the question in rebuttal and made no further offer of proof. There was therefore no error.

Judgment affirmed.

Griffin, P. J., and Shepard, J., concurred.