[Civ. No. 17673.   Second Dist., Div. Three.   Dec. 6, 1950.]

CELIA RABIN, Appellant, v. O. CRAFT et al., Respondents.

Wapner & Wapner, Joseph M. Wapner and Joseph A. Wapner for Appellant.

Bewley, Knoop & Nixon for Respondents.

VALLÉE, J.—Appeal by plaintiff from a judgment for defendants in an action to recover the value of services performed and material furnished in printing advertising matter.

Judgment was for plaintiff against defendant corporation in the sum of $95.25. The court found "None of the defendants ever was or is now indebted to plaintiff in any other sum, whatsoever." Plaintiff appeals, claiming this finding is not supported by the evidence.

Plaintiff says defendants entered into an oral contract with her by which she was to print 15,000 pictorials for them. Defendants deny making the contract. Defendant corporation, referred to as defendant, operated two traveling carnivals. An agent preceded the carnival by two or three weeks to make arrangements for local advertising. A large stock of advertising posters, called "pictorials," was carried in stock. These were supplemented with other posters, called "dates," indicating the name of the carnival and the time and place of exhibition. The agent would determine what advertising would be done and then order the required number of dates.

In February and March, 1947, defendant placed orders with plaintiff by telegram for five sets of dates. Defendant paid for each set except the fifth. The action was for printing 15,000 pictorials and the fifth set of dates. The judgment was for plaintiff for the fifth set of dates.

There was evidence that a conversation took place in December, 1946, between Abe Rabin, plaintiff's agent, O. N. Craft, president of defendant, and Walter Brandon, agent of defendant. Brandon testified: In this conversation they discussed what would constitute a set of dates for the year 1947. The number of articles in a set were specified before the season opened. "The conversation was that that would consist of

the articles you have enumerated there, that was to constitute a set of dates. When I wanted an order I sent a wire I wanted them sent, when I selected the town where the show was to play I would send in an order for a set of dates. That was to constitute a set of dates. It would be picked up by our bill poster and put on the board.'' At that time he did not know the places and dates where the show would be exhibited. No ''quantity was discussed outside of the amounts that I was to get each week I ordered. No gross amounts were discussed at all.'' Neither Mr. Craft nor he told Rabin that they would buy a set of dates for each week during the year 1947. They did not know how many dates they were going to need, and Rabin did not know how many they were going to use, ''he had no way of knowing.'' ''We didn't guarantee, if I buy a set one week and buy nothing the next week that is my privilege which very often is done. We don't buy paper every week, some weeks we don't even advertise when we go to a place where they do the advertising why we do very little or none, so we aren't supposed to buy for any set number of weeks any set amount, or any set length of time.'' There was no conversation about pictorials and no pictorials were shown to him. The court asked, and Brandon answered: ''What I am trying to get out of you is this: Has there been any contract entered into between you and the Plaintiff in this case to have that material printed up ahead of your orders? A. No, sir.''

Craft testified that he did not have any conversation with plaintiff or her agent regarding the printing of any number of posters or sheets or other advertising matter; he did not give plaintiff any order to print any number of posters or sheets or advertising matter other than the five sets of dates, or have any conversation with plaintiff or Rabin with respect thereto; he did not have any conversation with Brandon relative to placing an order with plaintiff for any such material; he did not have any conversation in December, 1946, with Rabin about printing pictorials; all of his pictorials for the year 1947 and previously for a number of years were printed in Chicago, and in 1947 defendant carried a large stock of pictorials; dates were purchased locally as needed; he was the only one who had authority to determine the amount and kind of advertising defendant was to do; Brandon did not have that authority except to order dates as needed.

The foregoing evidence amply supports the finding that none of the defendants is indebted to plaintiff other than for the amount of the judgment, and the implied finding that

defendants did not order or agree to purchase pictorials or a specified number of dates from plaintiff, and that no contract was entered into for 15,000 pictorials or any number of pieces of advertising matter other than the five sets of dates.

Plaintiff also contends that the court erred in not receiving evidence of custom. Defendants' objection was sustained to the following question asked Brandon by plaintiff: "Isn't it customary in the show business such as you were engaged in to have your advertising printed up for the season and leave the place and the date you were to use the particular item vacant and then insert it afterwards?" Code of Civil Procedure section 1870, subdivision 12, provides: "In conformity with the preceding provisions, evidence may be given upon a trial of the following facts: . . . 12. Usage, to explain the true character of an act, contract, or instrument, where such true character is not otherwise plain; but usage is never admissible, except as an instrument of interpretation." ▮ Evidence of usage and custom may be introduced as an instrument of interpretation, but may not be used to create a contract. (*Ghiselin* v. *John Hancock etc. Ins. Co.*, 79 Cal.App.2d 438, 441 [180 P.2d 50].) ▮ Plaintiff obviously was not seeking to introduce evidence of custom for the purpose of interpreting a contract, but for the purpose of proving a contract to have the advertising matter printed for the season. The court did not err in excluding the evidence. (*Cf. Dutton D. Co.* v. *United States F. & G. Co.*, 136 Cal.App. 574, 578 [29 P.2d 316].)

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.