[Civ. No. 5011. Fourth Dist. Nov. 23, 1954.]

JOSEPH A. LONERGAN, Appellant v. ALBERT SCOLNICK, Respondent.

 

 

Joseph A. Lonergan, in pro. per., for Appellant.

Wing, Wing & Brown and Ruth E. Dean for Respondent.

BARNARD, P. J.—This is an action for specific performance or for damages in the event specific performance was impossible.

The complaint alleged that on April 15, 1952, the parties entered into a contract whereby the defendant agreed to sell, and plaintiff agreed to buy a 40-acre tract of land for $2,500; that this was a fair, just and reasonable value of the property; that on April 28, 1952, the defendant repudiated the contract and refused to deliver a deed; that on April 28, 1952, the property was worth $6,081; and that plaintiff has been damaged in the amount of $3,581. The answer denied that any contract had been entered into, or that anything was due to the plaintiff.

By stipulation, the issue of whether or not a contract was entered into between the parties was first tried, reserving the other issues for a further trial if that became necessary. The issue as to the existence of a contract was submitted upon an agreed statement, including certain letters between the parties, without the introduction of other evidence.

The stipulated facts are as follows: During March, 1952, the defendant placed an ad in a Los Angeles paper reading, so far as material here, "JOSHUA TREE vic. 40 acres, . . . need cash, will sacrifice." In response to an inquiry resulting from this ad the defendant, who lived in New York, wrote a letter to the plaintiff dated March 26, briefly describing the property, giving directions as to how to get there, stating that his rock-bottom price was $2,500 cash, and further stating that "This is a form letter." On April 7, the plaintiff wrote a letter to the defendant saying that he was not sure he had found the property, asking for its legal description, asking whether the land was all level or whether it included

certain jutting rock hills, and suggesting a certain bank as escrow agent "should I desire to purchase the land." On April 8, the defendant wrote to the plaintiff saying "From your description you have found the property"; that this bank "is O.K. for escrow agent"; that the land was fairly level; giving the legal description; and then saying, "If you are really interested, you will have to decide fast, as I expect to have a buyer in the next week or so." On April 12, the defendant sold the property to a third party for $2,500. The plaintiff received defendant's letter of April 8 on April 14. On April 15 he wrote to the defendant thanking him for his letter "confirming that I was on the right land," stating that he would immediately proceed to have the escrow opened and would deposit $2,500 therein "in conformity with your offer," and asking the defendant to forward a deed with his instructions to the escrow agent. On April 17, 1952, the plaintiff started an escrow and placed in the hands of the escrow agent $100, agreeing to furnish an additional $2,400 at an unspecified time, with the provision that if the escrow was not closed by May 15, 1952, it should be completed as soon thereafter as possible unless a written demand for a return of the money or instruments was made by either party after that date. It was further stipulated that the plaintiff was ready and willing at all times to deposit the $2,400.

The matter was submitted on June 11, 1953. On July 10, 1953, the judge filed a memorandum opinion stating that it was his opinion that the letter of April 8, 1952, when considered with the previous correspondence, constituted an offer of sale which offer was, however, qualified and conditioned upon prompt acceptance by the plaintiff; that in spite of the condition thus imposed, the plaintiff delayed more than a week before notifying the defendant of his acceptance; and that since the plaintiff was aware of the necessity of promptly communicating his acceptance to the defendant his delay was not the prompt action required by the terms of the offer. Findings of fact were filed on October 2, 1953, finding that each and all of the statements in the agreed statement are true, and that all allegations to the contrary in the complaint are untrue. As conclusions of law, it was found that the plaintiff and defendant did not enter into a contract as alleged in the complaint or otherwise, and that the defendant is entitled to judgment against the plaintiff. Judgment was entered accordingly, from which the plaintiff has appealed.

The appellant contends that the judgment is contrary to the evidence and to the law since the facts, as found, do not support the conclusions of law upon which the judgment is based. It is argued that there is no conflict in the evidence, and this court is not bound by the trial court's construction of the written instruments involved; that the evidence conclusively shows that an offer was made to the plaintiff by the defendant, which offer was accepted by the mailing of plaintiff's letter of April 15; that upon receipt of defendant's letter of April 8 the plaintiff had a reasonable time within which to accept the offer that had been made; that by his letter of April 15 and his starting of an escrow the plaintiff accepted said offer; and that the agreed statement of facts establishes that a valid contract was entered into between the parties. In his briefs the appellant assumes that an offer was made by the defendant, and confined his argument to contending that the evidence shows that he accepted that offer within a reasonable time.

There can be no contract unless the minds of the parties have met and mutually agreed upon some specific thing. This is usually evidenced by one party making an offer which is accepted by the other party. Section 25 of the Restatement of the Law on Contracts reads:

"If from a promise, or manifestation of intention, or from the circumstances existing at the time, the person to whom the promise or manifestation is addressed knows or has reason to know that the person making it does not intend it as an expression of his fixed purpose until he has given a further expression of assent, he has not made an offer."

The language used in *Niles* v. *Hancock*, 140 Cal. 157 [73 P. 840], "It is also clear from the correspondence that it was the intention of the defendant that the negotiations between him and the plaintiff were purely preliminary," is applicable here. The correspondence here indicates an intention on the part of the defendant to find out whether the plaintiff was interested, rather than an intention to make a definite offer to the plaintiff. The language used by the defendant in his letters of March 26 and April 8 rather clearly discloses that they were not intended as an expression of fixed purpose to make a definite offer, and was sufficient to advise the plaintiff that some further expression of assent on the part of the defendant was necessary.

The advertisement in the paper was a mere request for an offer. The letter of March 26 contains no definite offer, and

clearly states that it is a form letter. It merely gives further particulars, in clarification of the advertisement, and tells the plaintiff how to locate the property if he was interested in looking into the matter. The letter of April 8 added nothing in the way of a definite offer. It merely answered some questions asked by the plaintiff, and stated that if the plaintiff was really interested he would have to act fast. The statement that he expected to have a buyer in the next week or so indicated that the defendant intended to sell to the first-comer, and was reserving the right to do so. From this statement, alone, the plaintiff knew or should have known that he was not being given time in which to accept an offer that was being made, but that some further assent on the part of the defendant was required. Under the language used the plaintiff was not being given a right to act within a reasonable time after receiving the letter; he was plainly told that the defendant intended to sell to another, if possible, and warned that he would have to act fast if he was interested in buying the land.

Regardless of any opinion previously expressed, the court found that no contract had been entered into between these parties, and we are in accord with the court's conclusion on that controlling issue. The court's construction of the letters involved was a reasonable one, and we think the most reasonable one, even if it be assumed that another construction was possible.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.

A petition for a rehearing was denied December 13, 1954, and appellant's petition for a hearing by the Supreme Court was denied January 19, 1955.