[Civ. No. 37254. First Dist., Div. Three. Mar. 25, 1976.]

JOSEPH SANTANDREA, Plaintiff and Appellant, v.
SILTEC CORPORATION et al., Defendants and Respondents.

COUNSEL

Albert L. Boasberg for Plaintiff and Appellant.

Orrick, Herrington, Rowley & Sutcliffe, James R. Madison and William F. Alderman for Defendants and Respondents.

OPINION

BROWN (H. C.), J.—Plaintiff brought this action for compensatory and punitive damages for fraud and the breach of an alleged agreement to employ him in a corporation to be formed as a subsidiary to an existing corporation, the Siltec Corporation. Defendants' motion for summary judgment was granted and plaintiff appealed.

The record discloses that appellant Joseph Santandrea brought this action for breach of an agreement by Robert E. Lorenzini, as president of Siltec Corporation, to employ him in a venture called "Monosil."

Appellant directed a letter dated May 11, 1973 to Lorenzini setting forth the terms of employment. These terms included the salary desired and a stock purchase plan. Lorenzini, on May 15, 1973, replied by letter in which a different salary was proposed and a specific condition was imposed on the stock purchase arrangement providing for repurchase by the company if certain contingencies occurred. This letter also stated: "Please understand that this offer has not yet been approved by our Board of Directors, however, if you are in agreement, I believe that I can get it approved."

The exchange of letters obviously did not create any contractual relationship. The terms of each differed on the material items of salary and the stock repurchase plans. The Lorenzini letter specifically stated that the terms of employment had not been approved by the Siltec board of directors and that was a necessary requirement. No acceptance of the terms set forth in the Lorenzini letter was ever communicated to Lorenzini.

A few weeks later, respondents directed another letter to plaintiff, expressing concern about the possible success of the Monosil venture

and doubt as to whether the Siltec board of directors would approve it. Monosil was never formed.

Therefore, applying the most fundamental rules to the evidence, it is clear that no contract existed. At no time was there a meeting of the minds as to the terms of employment. The Lorenzini letter of May 15 was an invitation for an offer from appellant, which offer would require approval by the Siltec board of directors. This approval did not occur. (See *Grove* v. *Grove Valve & Regulator Co.* (1970) 4 Cal.App.3d 299, 312 [84 Cal.Rptr. 300]; *Richards* v. *Flower* (1961) 193 Cal.App.2d 233, 236 [14 Cal.Rptr. 228]; *Leo F. Piazza Paving Co.* v. *Bebek & Brkich* (1956) 141 Cal.App.2d 226, 230 [296 P.2d 368]; *Lonergan* v. *Scolnick* (1954) 129 Cal.App.2d 179, 182 [276 P.2d 8].)

Plaintiff claimed that there was a triable issue based on his claim that there was a trade usage to put conditional words in an offer but not to consider the offer conditional. ■ However, usage can be invoked only to interpret, not to create contractual terms. (1 Witkin, Summary of Cal. Law (8th ed. 1973) Contracts, § 534, pp. 455-456; *Hanley* v. *Marsh & McLennan, etc., Ltd.* (1941) 46 Cal.App.2d 787, 797 [117 P.2d 69]; *Rabin* v. *Craft* (1950) 100 Cal.App.2d 808, 811 [224 P.2d 843]; *Peiser* v. *Mettler* (1958) 50 Cal.2d 594, 609-610 [328 P.2d 953, 74 A.L.R.2d 1].) When the writing involved is specific and unambiguous, evidence relative to a purported custom or usage which would vary or contradict the terms of the writing is inadmissible and testimony concerning such a usage is, therefore, not material. (*Peiser* v. *Mettler, supra,* at p. 610.)

Appellant also claims that there *was* prior approval by the board of directors but his opposition to the motion for summary judgment merely sets forth a claim that two of the directors approved the letter when Lorenzini discussed it with them informally. A corporation cannot be bound by informal meetings with two of the directors. Defendants never denied that the informal approvals of two of the directors were obtained. There is no triable issue of material fact in regard to approval of the board of directors.

The trial court correctly granted the summary judgment, ruling that there was no triable issue of material fact, that the May 15 letter was not an unconditional acceptance of a previous offer, and that the letter was not a firm offer which could be accepted to form a binding contract.

Appellant claims in his second cause of action that the promises made by Lorenzini were false and fraudulent and that they were made with no intention of performing them. The only promises alleged in this cause of action for fraud against both Siltec and its president, Lorenzini, were the contents of the letter of May 15. As has been discussed above, the May 15 letter was not an offer of employment. ■ This cause of action for fraud is wholly without merit as there was no contract and therefore no breach. The record negates any representations that were relied upon by appellant. At most, the evidence discloses that there was a proposed business venture that did not mature. There was no triable issue in regard to fraud or the breach of contract. Summary judgment for the respondents was properly granted.

After the granting of the motion for summary judgment, appellant moved the court to reconsider the matter. This motion was denied. In denying appellant's motion to reconsider, the trial court ordered appellant to pay sanctions to respondents in the sum of $100.

A judgment may be reviewed and changed only by one of the established methods of direct attack. (5 Witkin, Cal. Procedure (2d ed. 1971) Attack on Judgment in Trial Court, § 1, pp. 3584-3585.) Plaintiff's motion did not follow any statutory procedure. It is obvious that the court believed it to be frivolous.

■ Every court has the inherent power to regulate the proceedings of matters before it and to effect an orderly disposition of the issues presented. (Code Civ. Proc., § 128; *People* v. *Miller* (1960) 185 Cal.App.2d 59, 77 [8 Cal.Rptr. 91]; *People* v. *Mattson* (1959) 51 Cal.2d 777, 792 [336 P.2d 937]; *Kraft* v. *Nemeth* (1952) 115 Cal.App.2d 50, 52 [251 P.2d 355].) Sanctions are expressly provided for in some situations (Cal. Rules of Court, rule 217 [pretrial conference delay]; Code Civ. Proc., § 2034 [refusal of proper discovery]) but sanctions have also been approved in situations which are not expressly covered by statute or court rules. In the case of *Fairfield* v. *Superior Court* (1966) 246 Cal.App.2d 113 [54 Cal.Rptr. 721], the court upheld " 'sanctions of $100.00 as to each defendant for unnecessary legal work required of plaintiff . . . .' " (At p. 121.)

In the case at bench, the plaintiff's motion for reconsideration added no new information to his opposition to the motion for summary judgment. Upon the entry of judgment, plaintiff's sole remedy for any alleged error was to appeal. He had no right to compel defendants to

oppose his unauthorized motion. Although no direct order of the trial court was disobeyed, the facts support the view that the time of both the court and of opposing counsel was wasted.

The exercise of the court's inherent power to provide for the orderly conduct of the court's business is a matter vested in the sound legal discretion of the trial court. Such a decision is subject to reversal only where there has been an abuse of that discretion. Under the circumstances, imposing sanctions of $100 was not an abuse of discretion.

The judgment is affirmed.

Draper, P. J., and Good, J.,* concurred.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.