[Civ. No. 49619. First Dist., Div. Three. June 12, 1980.]

YARNELL & ASSOCIATES, Petitioner, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;
WILLIAMS & BURROWS, INC., Real Party in Interest.

## COUNSEL

Meis & Scribner, Fred G. Meis and James F. Waite for Petitioner.

No appearance for Respondent.

Philip L. Pillsbury, Jr., and Farbstein, Brown & Pillsbury for Real Party in Interest.

## OPINION

**WHITE, P. J.**—This petition challenges the denial of a motion to quash service upon petitioner and the granting of $250 in sanctions against pe-

titioner for filing a frivolous motion. We have concluded that the motion to quash service was properly denied, but that the trial court was without authority to award sanctions against petitioner. We therefore grant a peremptory writ of mandate directing the trial court to vacate its award of sanctions.

The challenged orders were made in connection with a lawsuit involving construction of the "Albany Hills" residential community complex. The action began when Western Waterproofing Company, Inc., a subcontractor, filed a mechanics lien action against the owner-developer, Interstate Albany Corporation. Shortly before the trial date the owner-developer sought a continuance of the trial date in order to cross-complain against the general contractor Williams & Burrows, Inc. Plaintiff became concerned about the delay which might occur if the general contractor sought to cross-complain against others for indemnity, and as a result, the court ordered that the general contractor serve any cross-complaints no later than November 22, 1979.

The general contractor then filed its cross-complaint against various subcontractors, engineering firms, and others, seeking indemnity. Petitioner, Yarnell & Associates, is one of the engineering firms named as a cross-defendant. The general contractor attempted to use Code of Civil Procedure section 415.30 service, where the serving party mails the complaint and asks the defendant to mail back an acknowledgement of service form, upon threat of liability for costs on any personal service required. Service was accomplished upon a number of cross-defendants, but petitioner did not return the acknowledgement of service form. Finally petitioner was served personally on March 13, 1980.

Petitioner moved to quash service because it took place after the November 22, 1979, deadline set by the trial court. The general contractor opposed the motion. In the last paragraph of its opposition it stated: "We now seek not only sanctions (in the amount of $400.00) for the necessity of resisting this frivolous motion, but also reimbursement for our costs of personally serving this cross-defendant pursuant to C.C.P. § 415.30(d) in the amount of $15.00." In a declaration, counsel stated: "the reasonable value of the expenses and attorney's fees in opposing this frivolous motion of cross-defendant Yarnell & Associates is $400.00."

At the hearing on the motion, when petitioner objected to any award of attorney's fees, counsel for the general contractor changed his tune a

bit, stating: "As far as the attorney's fees are concerned, your Honor. I have never asked for attorney's fees. I'm not going to object to counsel when he cites me to the attorney's fees. Sanctions are within the power of this Court. If this Court finds this is a frivolous motion in the time of Court and counsel and the time to make this appearance, then the Court has the right to grant sanctions. The sanctions are granted not in the amount I request, but the amount set by the Court."

Thereafter, the court denied the motion to quash and ordered: "Sanctions are imposed in the amount of $250.00." It also awarded $15 as costs.

Petitioner first claims the court erred in denying its motion to quash, arguing that the court's order requiring service by November 22, 1979, "divested itself of jurisdiction over any cross-defendant served after November 22, 1979." Petitioner cites no authority for this proposition, which does not withstand scrutiny. The court's deadline for service was set to accommodate the original plaintiff in the action, who was concerned about possible delay in his action because of cross-complaints filed by the general contractor. Nothing in the court's order suggested that it had jurisdictional implications or that potential cross-defendants, who were not even parties at the time of the order, could assert violation of the order as a ground for quashing otherwise proper service of process. Enforcement of the deadline was a matter for the original plaintiff in the action, for whose benefit the deadline was set. ■ The trial court did not err in denying the motion to quash.

Petitioner's second claim, that the award of sanctions was improper, is meritorious. Clear Supreme Court authority, in *Bauguess v. Paine* (1978) 22 Cal.3d 626 [150 Cal.Rptr. 461, 586 P.2d 942], precludes an award of attorney's fees as sanctions unless specifically authorized by statute, such as by certain discovery statutes (see Code Civ. Proc., § 2034, subd. (d)).

The general contractor seeks to avoid that rule by asserting that the sanctions here were not attorney's fees. (It even claims attorney's fees were not sought, a questionable claim in light of the above-quoted passages from its opposition and declaration in support thereof.) It argues that sanctions are available under the inherent powers of the court pursuant to Code of Civil Procedure section 128.

That section provides that "[e]very court shall have power:...3. To provide for the orderly conduct of proceedings before it, or its officers;...5. To control in furtherance of justice, the conduct of its ministerial officers, and of all other persons in any manner connected with a judicial proceeding before it, in every matter appertaining thereto;..."

In *Santandrea* v. *Siltec Corp.* (1976) 56 Cal.App.3d 525 [128 Cal.Rptr. 629], this court interpreted the above code section as permitting a trial court award of sanctions. There, after summary judgment had been granted the losing party moved for reconsideration. The motion was denied and the court ordered the moving party to pay sanctions of $100 because the motion to reconsider was frivolous. On appeal, this division upheld the award of sanctions, stating: "Every court has the inherent power to regulate the proceedings of matters before it and to effect an orderly disposition of the issues presented. (Code Civ. Proc., § 128 [case citations omitted]). Sanctions are expressly provided for in some situations [examples omitted] but sanctions have also been approved in situations which are not expressly covered by statute or court rules. In the case of *Fairfield* v. *Superior Court* (1966) 246 Cal.App.2d 113..., the court upheld "'sanctions of $100.00 as to each defendant for unnecessary legal work required of plaintiff....'"" (*Id.,* at p. 529.)

Neither this court's statements of law in *Santandrea* nor the decision in *Fairfield* can constitute authority for the award here, in light of the Supreme Court's opinion in *Bauguess.* The *Bauguess* court was concerned only with an award of attorney's fees without statutory authority. It ruled that such fees could not be awarded under the court's inherent supervisory power or under authority of Code of Civil Procedure section 128. However, in the course of the opinion, *Bauguess* specifically limited the effect of *Fairfield* by explaining that the award there was justified only by the "somewhat novel circumstances of that case that Code of Civil Procedure section 2034 did not authorize the award, and it was clearly consistent with the Legislature's intent in enacting the Civil Discovery Act." (22 Cal.3d at p. 637.)

*Bauguess* also specifically disapproved *Santandrea* v. *Siltec Corp., supra,* 56 Cal.App.3d 525, to the extent that it was inconsistent with Bauguess (22 Cal.3d 639, fn. 8). Since in *Santandrea* there was no suggestion that sanctions under Code of Civil Procedure section 128 were for attorney's fees, the *Bauguess* court's disapproval of *Santandrea*

must be read as a disapproval of its broad statements about the inherent power to order monetary sanctions.

The theory of *Bauguess* is that it would be unnecessary and unwise to permit trial courts to use fee awards as sanctions where not authorized by statute. If attorney conduct is disruptive of court process, the court may punish by contempt. When acting under its contempt powers, the court must act within procedural safeguards. "The use of courts' inherent power to punish misconduct by awarding attorney's fees may imperil the independence of the bar and thereby undermine the adversary system." (22 Cal.3d at p. 638.) Clearly, the *Bauguess* reasoning applies to any sanction occasioned by attorney conduct, whether denominated "attorney's fees" or merely "sanctions."

■ We conclude that the trial court award of sanctions was improper.[1] We have reached our conclusion after full briefing and see no purpose to be served by issuing the alternative writ, which would only delay resolution of this issue. The law is clear. We therefore issue a peremptory writ in the first instance (Code Civ. Proc, § 1088; *San Diego Wholesale Credit Men's Assn.* v. *Superior Court* (1973) 35 Cal.App.3d 458 [110 Cal.Rptr. 657]; *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165].)

Let a peremptory writ of mandate issue, directing the trial court to set aside its order of May 1, 1980, insofar as it awards $250 in sanctions in favor of real party in interest and against petitioner.

Scott, J., and Dossee, J.,* concurred.

---

[1]Note that in *Fabricant* v. *Superior Court* (1980) 104 Cal.App.3d 905 [163 Cal.Rptr. 894], the court reached a like conclusion as to attorney's fees and witness fees awarded as sanctions for abuse of the subpoena power.

*Assigned by the Chairperson of the Judicial Council.