[Civ. No. 67308. Second Dist., Div. Three. June 3, 1983.]

HUGH C. ELLIS, Plaintiff, Cross-defendant and Appellant, v.
ROSHEI CORPORATION et al.,
Defendants, Cross-complainants and Respondents.

**COUNSEL**

Milton W. Kroah II for Plaintiff, Cross-defendant and Appellant.

Howard A. Erlich for Defendants, Cross-complainants and Respondents.

**OPINION**

**ROSS, J.\*—**

SUMMARY

   In this appeal, we must determine whether Code of Civil Procedure section 128.5[1] empowers the trial court to grant sanctions against an attorney who, on

---

\*Assigned by the Chairperson of the Judicial Council.

[1]Hereinafter, all references shall be to the Code of Civil Procedure unless otherwise indicated.

   Section 128.5 provides as follows: "(a) Every trial court shall have the power to order a party

behalf of his client, demurs to a cross-complaint on grounds which are initially valid, but such validity evaporates upon opposing counsel's concessions to all contentions raised by the demurrer. We hold that the trial court properly imposed sanctions on counsel for the demurring party under section 128.5 for "tactics or actions not based on good faith which are frivolous or which cause unnecessary delay."

## PROCEEDINGS BELOW AND FACTS[2]

■■ ■■■ On October 19, 1981, a complaint was filed by Attorney Milton W. Kroah II (Kroah) on behalf of plaintiff Hugh C. Ellis (Ellis).[3] The complaint named as defendants Roshei Corporation (Roshei), Wayne Hisey (Hisey) and Stan Rosenberg (Rosenberg) and sets forth five causes of action arising out of an alleged breach of contract and misappropriation of business concepts and ideas. An answer was filed on behalf of the defendants by Attorney Howard Erlich (Erlich).

Thereafter, on December 11, 1981, Erlich filed a cross-complaint on behalf of Hisey and Rosenberg alleging breach of statutory duty. On that same date, Erlich filed a first amended cross-complaint setting forth additional causes of action but again alleging that a statutory duty existed between the plaintiff and defendants "not to make tape recording of confidential conversations without

---

or party's attorney, or both, to pay any reasonable expenses, including attorney's fees, incurred by another party as a result of tactics or actions not based on good faith which are frivolous or which cause unnecessary delay. Frivolous actions or delaying tactics include, but are not limited to, making or opposing motions without good faith.

"(b) Expenses pursuant to this section shall not be imposed except on notice contained in a party's moving or responding papers; or the court's own motion, after notice and opportunity to be heard. An order imposing expenses shall be in writing and shall recite in detail the conduct or circumstances justifying the order." ·

[2]In accordance with the usual rule on appeal, the judgment or order of the trial court is presumed correct. All intendments and presumptions are indulged to support it on matters to which the record is silent, and error must be affirmatively shown. (See *Walling* v. *Kimball* (1941) 17 Cal.2d 364, 373 [110 P.2d 58].) Where the evidence is in conflict, the appellate court will not disturb the findings of the trial court. (See *Crawford* v. *Southern Pac. Co.* (1935) 3 Cal.2d 427, 429 [45 P.2d 183].)

Some of the facts are taken from Erlich's declaration filed in opposition to the demurrer which the trial court adopted as its own findings and basis for the February 10, 1982, order awarding sanctions.

[3]Although this appeal is brought in the name of Ellis as the aggrieved party, it is clear that the real party in interest is Kroah. Our references to Kroah shall therefore be to him in his capacity as counsel for Ellis.

The order imposing sanctions is appealable as a final order on a collateral matter directing the payment of money. (*Wisniewski* v. *Clary* (1975) 46 Cal.App.3d 499, 502 [120 Cal.Rptr. 176].) The order complained of directs Kroah to pay the sanctions personally. Although not a party to the underlying action, Kroah is a party of record in the collateral matter by virtue of the trial court's order and has standing to appeal. (See *Bauguess* v. *Paine* (1978) 22 Cal.3d 626, 634, fn. 3 [150 Cal.Rptr. 461, 586 P.2d 942].)

the knowledge and approval of all parties present" and that Ellis had breached this duty on or about March 13, 1981.

Both the cross-complaint and the first amended cross-complaint were served by mail addressed to Kroah at the address shown on the original complaint.

On January 26, 1982, Kroah filed a general demurrer to the amended cross-complaint setting the demurrer for hearing on February 9, 1982. The *sole* basis for the demurrer was that the first amended cross-complaint did not designate the specific statute upon which the statutory duty was alleged.

On January 29, 1982, Erlich spoke to Kroah by telephone and advised Kroah that the code sections he referred to in the cross-complaint were Penal Code sections 632 and 637.2.[4] Kroah responded that it was his opinion that these were the relevant code sections. Erlich then offered to stipulate to amend the first amended cross-complaint to include references to these Penal Code sections, but Kroah unequivocally refused such a stipulation.

On February 2, 1982, Erlich wrote to Kroah and repeated his offer to amend the first amended cross-complaint by interlineation in order to identify the code sections.

On February 4, 1982, Erlich filed a declaration and points and authorities opposing the demurrer and further requested sanctions and attorneys fees pursuant to section 128.5. Erlich served said opposition papers by mail to Kroah and filed a proof of service by mail.

The demurrer came on for hearing on February 9, 1982, and the matter was argued and submitted. The next day, the trial court issued its minute order which stated that the "demurrer was sustained" and granted "30 days leave to

---

[4]These sections provide in pertinent part as follows: "632(a) Every person who, intentionally and without the consent of all parties to a confidential communication, by means of any electronic amplifying or recording device, eavesdrops upon or records such confidential communication, whether such communication is carried on among such parties in the presence of one another or by means of a telegraph, telephone or other device, except a radio, shall be punishable by fine not exceeding two thousand five hundred dollars ($2,500), or by imprisonment in the county jail not exceeding one year, or by imprisonment in the state prison, or by both such fine and imprisonment in the county jail or in the state prison. . . ."

"637.2(a) Any person who has been injured by a violation of this chapter may bring an action against the person who committed the violation for the greater of the following amounts:

"(1) Three thousand dollars ($3,000).

"(2) Three times the amount of actual damages, if any, sustained by the plaintiff.

"(b) Any person may, in accordance with the provisions of Chapter 3 (commencing with Section 525) of Title 7 of Part 2 of the Code of Civil Procedure, bring an action to enjoin and restrain any violation of this chapter, and may in the same action seek damages as provided by subdivision (a).

"(c) It is not a necessary prerequisite to an action pursuant to this section that the plaintiff has suffered, or be threatened with, actual damages." (Added by Stats. 1976, ch. 1509, § 1.)

amend." The order further states: "[d]emurrer was not brought in good faith in view of defendants and cross-complainants offer to correct the minor defect in the pleading. Counsel for plaintiff and cross-defendant is ordered to pay counsel for defendants and cross-complainants the sum of $250.00 within 30 days."

Thereafter, on February 24, 1982, Kroah filed a motion seeking to have the trial court reconsider its ruling imposing sanctions; said motion was opposed by Erlich. On March 11, 1982, the motion for reconsideration was denied. A proof of service dated March 16, 1982, was filed in the trial court on March 17, 1982, indicating service on Kroah of the trial court's ruling on the motion to reconsider.

The notice of appeal specifies that the appeal is taken from the order made final on March 16, 1982. Since rule 2(a) of the California Rules of Court provides that notice of appeal shall be filed within 60 days after service of written notice of the entry of the order, we deem the appeal to be taken from the denial of the motion to reconsider the sanctions imposed.

DISCUSSION

1. *Adequacy of notice.*

█ Kroah contends in this appeal that he had inadequate notice and opportunity to be heard regarding the motions for sanctions. We disagree.

Section 128.5 specifically provides that notice may be contained in a party's responding papers as was done in the instant case. Section 1005 provides: "All papers opposing a motion so noticed shall be filed with the court and served on each party at least five days before the time appointed for the hearing."

Section 1013, which extends the time to do an act when service is by mail does not apply to a motion brought pursuant to section 1005. (See *DeMiglio* v. *Superior Court* (1981) 115 Cal.App.3d 973, 974 [171 Cal.Rptr. 787].)[5] But, we need not determine whether the minimum time requirement of five days set forth in section 1005 is sufficient to impose sanctions under section 128.5

---

[5]We take note that it is the practice of many trial judges to allow late pleadings to be considered in response to law and motion matters. While this may be within the individual province of the trial judge hearing a particular matter, it would appear that for purposes of requesting sanctions under section 128.5 the five-day response time of section 1005 would be jurisdictional to the due process requirements discussed in *Bauguess.* Further, we do not mean to say that five days will be, in all instances, sufficient time to allow the party, against whom sanctions are requested, to answer to prepare for the hearing on the granting of sanctions. The trial court has the inherent power and the right to control its own proceedings to allow such additional time as, in its discretion, it deems necessary to insure a fair hearing on the request for sanctions.

because in the instant appeal Kroah was given a second opportunity to contest the sanctions on his motion to reconsider. Kroah contends that he did not receive the opposition papers to the demurrer seeking sanctions, despite the proof of service setting forth service upon him by mail on February 2, 1982. Certainly, by the time of the hearing on Kroah's motion for reconsideration, he was well aware of the defendants' request for sanctions as a result of the demurrer. There is nothing in the record to indicate that he was not given a full opportunity to present evidence in an attempt to persuade the trial court to reconsider whether sanctions were warranted. Kroah filed a four-page declaration setting forth all reasons upon which the court should deny sanctions in the instant case. The matter was submitted for the court's determination and Kroah's motion to reconsider was denied. Under these circumstances, we cannot agree with Kroah's contentions that he did not have adequate notice or an opportunity to oppose the sanctions requested.

*2. Sanctions under section 128.5 properly ordered.*

Section 128.5 was enacted by the Legislature in 1981. In enacting this section, the Legislature stated: "[i]t is the intent of this legislation to broaden the powers of trial courts to manage their calendars and provide for expeditious processing of civil actions by authorizing monetary sanctions now not presently authorized by the interpretation of the law in *Bauguess* v. *Paine* (1978) 22 Cal.3d 626." (Stats. 1981, ch. 762, § 2.)

In our view, section 128.5 empowers a trial court to manage the proceedings conducted before it and to grant sanctions in the appropriate situations where proceedings are instituted in bad faith, are frivolous or brought for purposes of delay. But, the power granted trial courts pursuant to this section must only be utilized in appropriate circumstances.[6]

■ The line between active and aggressive representation of a client on one hand and dilatory, frivolous and bad faith actions on the other hand may be a fine line, but it is a line which the trial courts are sometimes obligated to draw. A trial court is empowered to exercise its supervisory power in such a manner as to provide for the orderly conduct of the court's business and to "guard against inept procedures and unnecessary indulgences which would tend to

---

[6]Our state Supreme Court has noted that section 128.5 ". . . has greatly expanded the powers of trial courts to award attorneys fees for the purpose of discouraging frivolous litigation. . . . The Legislature clearly expressed an intent to broaden the power of trial courts to award monetary sanctions." (*City of Long Beach* v. *Bozek* (1982) 31 Cal.3d 527, 537 [183 Cal.Rptr. 86, 645 P.2d 137], cert. granted Jan. 10, 1983, 459 U.S. 1095 [74 L.Ed.2d 943, 103 S.Ct. 712]. On April 25, 1983, our Supreme Court recalled and simultaneously reissued the remittitur.)

hinder, hamper or delay the conduct and dispatch of its proceedings." (*People v. Mattson* (1959) 51 Cal.2d 777, 792 [336 P.2d 937].)[7]

" 'An attorney has an obligation to not only protect his client's interests, but also to respect legitimate interests of fellow members of the bar, the judiciary, and the administration of justice.' " (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 647 [183 Cal.Rptr. 508, 646 P.2d 179].) Thus, "an attorney is often confronted with clashing obligations imposed by our system of justice." (*Kirsh* v. *Duryea* (1978) 21 Cal.3d 303, 309 [146 Cal.Rptr. 218, 578 P.2d 935, 6 A.L.R.4th 334].) While we do not mean to chill the fervor of zealous counsel, we must recognize the very real fear that irresponsible litigants may abuse their right of access to the judicial system. (See *In re Marriage of Flaherty, supra,* at p. 648.)

In the instant appeal, when Kroah received Erlich's offer to stipulate as to the sole issue raised by his demurrer, his refusal to stipulate resulted in an unnecessary court hearing. At oral argument, we asked Kroah why he refused the stipulation and he indicated that his client was suspicious of defendants. Kroah's response is simply an unacceptable reason for proceeding with the demurrer. Kroah conceded at oral argument that the trial court could not grant him any additional relief that was not covered by the stipulation. Therefore, we can only agree with the finding of the trial court that Kroah's actions were motivated for purposes of delay or harassment. Under the circumstances, we cannot say that the trial court abused its discretion in awarding the sanctions or denying Kroah's motion for reconsideration.

The trial bar must clearly note that technically correct procedures, pleadings or processes may not insulate them from the sanction power of the court under section 128.5 if the court finds the other factors present, i.e., that the procedures employed are not utilized in good faith, are frivolous or cause unnecessary delay.

In affirming the award of sanctions in this appeal, we note that it is not possible for us to set forth with any degree of exactness all possible situations in which sanctions are appropriate under section 128.5. The trial court must view each situation on its merits. Similarly, we do not attempt to require counsel to stipulate to amend a defective pleading and waive any right to pursue the matter

---

[7]See also, *Santandrea v. Siltec Corp.* (1976) 56 Cal.App.3d 525, 530 [128 Cal.Rptr. 629], disapproved on other grounds in *Bauguess, supra,* 22 Cal.3d at page 639, footnote 8. Inasmuch as the question there was based upon the court's inherent power, a power that has now been given to the court by the Legislature who specifically stated that it was their intent to overrule *Bauguess,* the reasoning of *Santandrea* again appears not only persuasive but controlling. Under traditional theory, the decision in *Santandrea* that was disapproved by *Bauguess* was not bad law but was merely a misstatement of the law. (*Forster Shipbldg. Co.* v. *County of L. A.* (1960) 54 Cal.2d 450 [6 Cal.Rptr. 24, 353 P.2d 736].)

by judicial determination for fear of being subject to sanctions pursuant to section 128.5. But in the instant appeal, Kroah conceded that the trial court's determination would add nothing to that which his opponent was willing to stipulate. As an officer of the court, Kroah simply could not blindly follow his client's instructions based upon his client's suspicion of defendants.

The failure to allege the specific Penal Code section was nothing more than a minor defect in the cross-complaint which was readily susceptible to a mere interlineation. We find no justification at all in Kroah's pursuit of the demurrer despite his client's urging. Kroah's failure to accept the stipulation required the trial court and opposing counsel's time and attention to a needless and fruitless court hearing and can only be construed to be a dilatory, frivolous act done without good faith. In pursuing the matter, he came clearly within the situation which the Legislature intended to cover by section 128.5.

For the reasons stated herein, we affirm the order of the trial court.

Lui, Acting P. J., and Danielson, J., concurred.