Opinion
NEWMAN, J.
Defendant appeals from certain orders of the trial court. A July 3, 1985, order denied his motion for sanctions, made pursuant to *Supp. 3 Code of Civil Procedure section 128.5.[1] An August 13, 1985, order determined that the plaintiff is the prevailing party in this unlawful detainer action and awarded plaintiff attorney’s fees pursuant to the parties’ written rental agreement. For the reasons discussed below, we reverse the former order and affirm the latter.
Statement of the Case
On March 5,1985, plaintiff filed a complaint for unlawful detainer. Defendant filed a demurrer on March 18,1985; it was overruled on April 2. Defendant was given five days to answer, with plaintiff to give notice. That same day (April 2), plaintiff filed its first request to enter defendant’s default. Default was entered April 24; it was later vacated on April 30. On April 2, plaintiff also filed a request for trial setting.
On April 4, plaintiff’s notice of ruling on the demurrer was filed; no proof of service appears in the file, but defendant’s brief on appeal states that proof of service shows a mailing date of April 2. On April 8, the clerk of the court mailed a notice of trial setting.
On April 11, plaintiff filed a second request to enter defendant’s default. Default was entered that day and vacated on May 30. On April 15, defendant filed his answer; in it he included as an affirmative defense plaintiffs breach of the implied warranty of habitability.
On May 9, a default judgment was entered against defendant. Plaintiff obtained a writ of possession that same day. The writ was posted on May 21. On the day of posting, defendant filed a motion to vacate the default and default judgment and quash the writ of possession. Defendant’s motion was granted on May 24, but the municipal court conditioned the relief on defendant’s posting $2,900 with the court by 5 p.m. on May 29. On May 28 the superior court issued an alternative writ to the municipal court, commanding it to vacate that portion of its May 24 order which required defendant to post $2,900. On May 29, the municipal court vacated said condition.
On June 18, defendant filed a motion for sanctions against plaintiff pursuant to section 128.5, alleging as grounds the plaintiffs premature taking of his default and default judgment and obtaining a writ of possession as well as plaintiffs insistence that the $2,900 be posted as a condition of relief. Defendant’s motion was denied on July 3 after oral argument, no written opposition having been filed by plaintiff.
Discussion
Defendant contends on appeal that the trial court erred in denying *Supp. 4 is request for section 128.5 sanctions. We note at the outset of our discussion that both plaintiff and defendant, in their briefs on appeal, have referred to matters which are not in the record on appeal. We cannot consider such matters in a brief as they are outside the record. (Loving & Evans v. Blick (1949) 33 Cal.2d 603, 613-614 [204 P.2d 23]; Lady v. Barrett (1941) 43 Cal.App.2d 685, 687 [111 P.2d 702].)
Section 128.5 provides in pertinent part: “(a) Every trial court may order a party, the party’s attorney, or both to pay any reasonable expenses, including attorney’s fees, incurred by another party as a result of bad-faith actions or tactics that are frivolous or solely intended to cause unnecessary delay. ... [If] (b) For purposes of this section: [fl] (1) ‘Actions or tactics’ include, but are not limited to, the making or opposing of motions or the filing and service of a complaint or cross-complaint. The mere filing of a complaint without service thereof on an opposing party does not constitute ‘actions or tactics’ for purposes of this section. [If] (2) ‘Frivolous’ means (A) totally and completely without merit or (B) for the sole purpose of harassing an opposing party.”
Whether a court makes an award under section 128.5 is a matter within its sound discretion. (Rains v. Superior Court (1984) 150 Cal.App.3d 933, 944 [198 Cal.Rptr. 249]; Luke v. Baldwin-United Corp. (1985) 167 Cal.App.3d 664, 668 [213 Cal.Rptr. 654].) We believe that in the instant case the trial court abused its discretion when it refused to award defendant sanctions.
Section 128.5 defines “frivolous” tactics to include, inter alia, actions which are “totally and completely without merit.” Karwasky v. Zachay (1983) 146 Cal.App.3d 679 [ 194 Cal.Rptr. 292] held that trial tactics are frivolous and in bad faith where any reasonable attorney would agree that such tactics are totally devoit of merit. (Id., at p. 681.) We can think of no words more appropriate to describe the requests to enter default filed by plaintiff; plaintiff’s use of a void default judgment to obtain a writ of possession against defendant; plaintiff’s opposition to defendant’s motion to vacate the default and default judgment and to quash the writ; and plaintiff’s insistence that defendant deposit $2,900 with the court as a condition of relief. All of these actions were totally and completely without merit.
After overruling the demurrer, the trial court allowed defendant five days to answer the complaint. Per section 472b, that five days ran from the time plaintiff served its notice of ruling. However, because plaintiffs notice of ruling was served by mail, defendant was allowed an additional five days to answer. (§ 1013.) Thus, no default could properly be entered for 10 days after plaintiff served its notice of ruling on defendant. (§ 585; Reher v. Reed *Supp. 5 (1913) 166 Cal. 525, 528 [137 P. 263].) Yet plaintiff’s attorney, Dennis Block (a partner in the law firm of Katz and Block and an attorney skilled in representing plaintiffs in unlawful detainer actions), on the very same day he served the notice of ruling, also served and filed a request to enter defendant’s default. Further, within the 10 days defendant had to answer, Block filed a second request to enter default. That second request was filed three days after the court clerk mailed the notice of trial setting. A default judgment was later entered on this second request.
Such actions by Katz and Block were totally and completely without merit. Their frivolous nature was compounded by plaintiff’s attorneys’ pursuit of the obviously invalid writ of possession, by defendant having to pursue, through motion and hearing, a request to vacate the default and default judgment and to quash the writ of possession and by Attorney David Dantes’s insistence that defendant pay rent to the court. The conduct of plaintiff’s attorneys nearly cut off defendant’s rights, in an action already summary by law. Such was abusive conduct. Further, it was in bad faith inasmuch as any reasonable attorney would agree that Katz and Block’s actions were devoid of merit.
“The line between active and aggressive representation of a client on one hand and dilatory, frivolous and bad faith actions on the other hand may be a fine line, but it is a line which the trial courts are sometimes obligated to draw.” (Ellis v. Roshei Corp. (1983) 143 Cal.App.3d 642, 648 [192 Cal.Rptr. 57].) In this instance, the trial court failed to draw that line where it was required.
“An attorney has an obligation not only to protect his client’s interests but also to respect legitimate interests of fellow members of the bar, the judiciary, and the administration of justice.” (Kirsch v. Duryea (1978) 21 Cal. 3d 303, 309 [146 Cal.Rptr. 218, 528 P.2d 935, 6 A.L.R. 4th 334]; accord In re Marriage of Flaherty (1982)31 Cal.3d 637, 647 [183 Cal.Rptr. 508, 646 P.2d 179].) In this case, plaintiff’s attorney ascribes his conduct to zealous advocacy. It is not enough to make this claim and hope that the inquiry ends there. “While we do not mean to chill the fervor of zealous counsel, we must recognize the very real fear that irresponsible litigants may abuse their right of access to the judicial system. [Citation.]” (Ellis v. Roshei Corp., supra, 143 Cal.App.3d at p. 649.)
Unlike the attorneys in Luke v. Baldwin-United Corp., supra, 167 Cal.App.3d 664, who withdrew their motion once they realized that it lacked merit, plaintiff’s attorneys pursued an obviously defective default, default judgment and writ of possession through the hearing on defendant’s motion to vacate and then required defendant to obtain a writ of mandate in the *Supp. 6 superior court by arguing for a condition of relief which has no basis in law. Defendant was put to expense by these frivolous actions and should be compensated for his expenses.
Section 128.5 provides the method for such compensation. Unlike the $500 attorney’s fees limit in the parties’ rental agreement, section 128.5 has no such limitation. Rather, it allows for the payment of all of the reasonable expenses, including attorney’s fees, incurred by the wronged party as a result of the other party’s frivolous tactics. In the instant case, defendant incurred reasonable expenses to have the default and default judgment set aside, the writ of possession quashed, and the municipal court’s $2,900 condition vacated. Such expense is the consequence of plaintiff’s attorney’s tactics. Defendant’s efforts in this respect commenced on May 20, 1985, when he appeared for trial and learned of the default and default judgment. Said expenses should be paid by plaintiff’s attorneys. As between them and defendant, defendant is clearly the innocent party.
Defendant next contends that he was the prevailing party in this matter and thus the award of attorney’s fees to plaintiff by the trial court was improper.
Trial in this matter was had to a jury. In their special verdict, the jury specifically found that plaintiff had breached its implied warranty of habitability; that said breach necessitated a 45 percent reduction in defendant’s rent from December 18, 1984, to April 18, 1985; that plaintiff was not entitled to immediate possession of the premises even though defendant had failed to pay rent; and that defendant was entitled to retain possession if he paid plaintiff the modified back rent. The judgment reflects those findings inasmuch as it awarded costs to defendant, and possession to defendant if he paid plaintiff the modified rent. If the modified rent was not paid by a certain date, the judgment provided that possession was to be restored to plaintiff immediately.
Defendant failed to pay the rent as provided for in the judgment and possession was restored to plaintiff. Defendant moved for an order determining him to be the prevailing party and for attorney’s fees under the rental contract. Plaintiff filed opposition to said motion. The trial court determined plaintiff to be the prevailing party and in keeping with the limitation set out in the rental agreement, awarded plaintiff $500 in attorney’s fees.
In Green v. Superior Court (1974) 10 Cal.3d 616, 639 [111 Cal.Rptr. 704, 517 P.2d 1168], the court held that if a trial court determines (in an action for unlawful detainer based on failure to pay rent) that a landlord’s breach of the implied warranty of habitability justifies only a partial reduction in *Supp. 7 the tenant’s rent, then a tenant may retain possession of the premises only if he pays that portion of the back rent that is due and owing, as directed by the trial court. If the tenant fails to so pay, the landlord is entitled to possession. Defendant failed to pay the rent as directed by the trial court; therefore, defendant cannot be considered to be the prevailing party since judgment of possession was ultimately awarded to plaintiff.
Finally, we note that plaintiff has requested sanctions against defendant under section 128.5 for filing the instant appeal. The request is denied.
The order determining plaintiff to be the prevailing party and awarding plaintiff attorney’s fees is affirmed.
The order denying defendant sanctions under section 128.5 is reversed and the cause is remanded to the trial court for further proceedings in accordance with the views expressed herein.
Plaintiff and defendant each to bear their own costs on appeal.
Cooperman, P. J., and Soven, J., concurred.

Unless otherwise indicated, all statutory references herein are to the Code of Civil Procedure.